## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANICE L. KING-DUNBAR,**<br>**3263 S. 376 Place**<br>**Auburn, Washington 98001,**<br><br>Plaintiff,<br><br>v.<br><br>**SYLVIA MATHEWS BURWELL,**<br>**U.S. Secretary of Health and**<br>**Human Services,**<br>**200 Independence Avenue, S.W.**<br>**Washington, DC 20201,**<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### Introduction

1.    Plaintiff Janice L. King-Dunbar brings this action pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2 *et seq.*, and 42 U.S.C. §

1981a, to redress unlawful race discrimination and retaliation for her prior and ongoing

protected EEO activity (*i.e.*, complaining about such race and retaliation and prosecuting

such claims), perpetrated against her by the national management of the Administration for

Children and Families at the United States Department of Health and Human Services.

Specifically, plaintiff contends that her superiors at ACF in Washington, D.C., discriminated

against her based on race (African American) and/or in retaliated against her for her prior and

ongoing protected EEO activity with regard to, *inter alia*:  the selection for the permanent position as Regional Administrator in Administration for Children and Families' Region 10 (in Seattle, Washington), a position she held with distinction in an acting capacity just prior to being passed over in favor of a much less qualified white applicant; not even considering her at all for – or even allowing her to compete at all for – a later Regional Administrator vacancies in Chicago, Illinois, and elsewhere, despite the fact that she had been found qualified for the position by the U.S. Office of Personnel Management, which specifically referred her for the vacancy in Chicago, her have recently served with distinction as acting Regional Administrator in Seattle and having been a finalist for that permanent position; and eliminating her position as Deputy Regional Administrator for Region 10 and placing her in a unclassified non-supervisory GS-14 position in the Region 10 office in Seattle, Washington.

## Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16(c) and by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Subject matter jurisdictions also founded on 28 U.S.C. § 1331, as this action arises under the laws of the United States, thereby presenting a federal question.

## Venue

3.      Venue is proper in the United States District Court for the District of Columbia pursuant to the special venue provisions contained in Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e-5(f)(3), as this is the judicial district in which the unlawful employment practices are alleged to have been perpetrated and in which the employment records related to the practices complained of are maintained and administered by defendant.  Moreover, venue is also proper under 28 U.S.C. § 1391(b) as the events giving rise to plaintiff's claims substantially occurred in this judicial district and defendant conducts his official business here.

### Exhaustion of Administrative Remedies

4.    All of the necessary administrative prerequisites for filing the claims made herein have been met as plaintiff: (a) timely filed formal administrative complaint of employment discrimination  based on race and retaliation for prior and ongoing protected civil rights activity on  July 29, 2014 with regard to being passed over for the permanent Regional Administrator position in ACF Region 10 in favor of a less qualified white applicant and the mistreatment by national ACF management that immediately preceded and immediately followed that non-selection decision between the dates of March 14 and May 14, 2014 (designated as Agency EEO Case No. HHS-ACF-0263-2014) – plaintiff having previously sought EEO counseling on those claims on May 1, 2014, and received a notice of right to file a formal EEO complaint with respect to them on July 19, 2014, and a final agency decision ("FAD") on such claims received by plaintiff on July 6, 2016 – that is, within 90 days of the filing of this complaint with the Court;  (b)  timely filed a formal administrative complaint of employment discrimination  based on race and retaliation for prior and ongoing protected civil rights activity on  February 19, 2016, with regard to having

her permanent position of Deputy Regional Administrator for ACF Region 10 eliminated and

her being reassigned to non-supervisory duties within the ACF Regional Office in Region

10 (designated as Agency EEO Case No. HHS-ACF-0123-2016), plaintiff previously having

sought EEO counseling on these claims on December 21, 2015, and having received a notice

of right to file a formal EEO complaint with respect to them on February 9, 2016, and more

than 180 days having run since then without a FAD having been issued with regard to those

claims by the Department of Health and Human Services; (c) timely filed a formal

administrative complaint of employment discrimination  based on race and retaliation for

prior and ongoing protected civil rights activity on June 1, 2015, which was later amended

to add claims of plaintiff's duties as Deputy Regional Administrator were reduced and then

the Deputy position eliminated entirely with plaintiff reassigned to another non-supervisory

position thereafter during January 2016 (designated as Agency EEO Case No. HHS-ACF-

030502015), plaintiff having initially sought EEO counseling on the first of those claims on

April 13, 2015, and having received a notice of right to a formal EEO complaint with respect

to the initial claims on May 22, 2015, and a FAD on such claims, including those added by

amendment,  having been received by plaintiff on June 6, 2016 – that is, within 90 days of

the filing of this complaint with the Court; and (d) timely filed a formal administrative

complaint of employment discrimination  based on race and retaliation for prior and ongoing

protected civil rights activity on September 28, 2015, with regard to having been passed over

for selection to – indeed, been denied even the ability to compete for – a vacant ACF

Regional Administrator position in Chicago by national ACF management in August 2015,

although she was found fully qualified for the position by the U.S. Office of Personnel Management ("OPM") which referred her to ACF for consideration on June 23, 2015, she had performed in an outstanding manner as acting Regional Administrator in Region 10 for almost one-and-a-half-years in 2013-2014, and she had competed for the ACF Regional Administrator position in Seattle in 2014, a competition she would have won but for unlawful discrimination (designated as Agency EEO Case No. HHS-ACF-0123-2016), plaintiff having sought EEO counseling on this claim on August 17, 2015, and having received a notice of right to file a formal EEO complaint with respect to it on September 25, 2015, and more than 180 days now having run since then without a FAD having been issued with regard to this claim.

### Parties

5.      Plaintiff Janice L. King-Dunbar (referred to as either "plaintiff" or "Ms. King-Dunbar" herein) is an African American woman who has been employed in various capacities in the Administration for Children and Families ("ACF") by U.S. Department of Health and Human Services, including holding the permanent GS-14 level position of Deputy Regional Administrator of ACF's Region 10 in Seattle, Washington, and "acting' as Regional Administrator of that Region for almost a year-and-a-half in 2013-2014, during which she performed in an exceptional manner under difficult circumstances.

6.      Defendant Sylvia Mathews Burwell (referred to as "defendant" herein) is currently the Secretary of Health and Human Services, and as such is the head of the United States Department of Health and Human Services ("DHHS"), a department within the

Executive Branch of the government of the United States (in which is contained the Administration for Children and Families ("ACF")) which has had more than 600 employees in each of the last 20 months.  Defendant Burwell is here sued in her official capacity as head of the DHHS only.

### Statement of Facts

7.     Janice King-Dunbar worked at ACF in various capacities for some 15 years holding a variety of position, including the GS-14 level position of Deputy Regional Administrator of Region 10, which is headquartered in Seattle, Washington, and covers ACF activity in four states – Washington, Oregon, Idaho, and Alaska.  Moreover, plaintiff holds an Masters of Social Work degree and, while with ACF, acquired two years of extensive training in an SES qualifying program.

8.     In 2013, Ms. King-Dunbar was appointed to the position of Regional Administrator for Region 10 in an "acting" capacity by George Sheldon, the then-Acting Assistant Secretary of DHHS for ACF.  Plaintiff's supervisor in her role as Acting Regional Administrator was James Murray, ACF's then Acting Director of Regional Operations, whose office was at ACF headquarters in Washington, D.C.

9.     While in the position of Acting Regional Director in Region 10, Ms. King-Dunbar performed exceptionally well under very trying and challenging circumstances – both in terms of workload challenges (*e.g.*, a major office move, and emergency situations, like dealing with landslides, etc.) and a hostile environment created by the mostly white staff in the ACF Region 10 in Seattle.  Indeed, plaintiff's rating for 2013, received from the then-

ACF Acting Director of Regional Operations James Murray in February of 2014, was an overall "Exceptional."  In fact, Ms. King-Dunbar served as the Acting Regional Administrator of ACF Region 10 from January 4, 2013 to May 18, 2014 (some 17 months).

10.     Serving as Acting Regional Administrator was complicated for Ms. King-Dunbar because of the racially biased attitude of several of the subordinate employees serving in ACF Region 10, the overwhelming majority of whom were and are white women, several of whom maintained  negative attitudes toward African Americans.  Indeed, things became so tense for Ms. King-Dunbar while she was Acting Regional Administrator that ACF's EEO Director traveled to Seattle to perform a "climate assessment" with regard to the prevailing situation in the Region 10 office.  Although Deborah Minor, the ACF EEO Director, found a disturbing attitude hostile to plaintiff because of her being African American prevailed among some of the Region 10 staff, upper management at ACF failed to effectively intervene to aid plaintiff.  In fact, Marrianne McMullen, the then-ACF Director of Public Affairs, a white political appointee not then in plaintiff's supervisory chain of command, and lacking any qualifications to perform a "climate assessment" of a Regional office, rejected the ACF EEO Director's assessment of the climate in Region 10 as poisonous toward Ms. King-Dunbar on a racial basis, and a month later went personally to Seattle to review the personnel situation – an "assessment" that whitewashed the problems plaintiff had complained of with regard to her staff's attitude towards her.

11.     Because of ACF upper management's refusal to support her with regard to her staff troubles, and its continued refusal to provide her with a temporary promotion to GS-15

while she served as Acting Regional Administrator, plaintiff filed an administrative EEO complaint.  That complaint was ultimately settled through ADR mediation, and under this settlement plaintiff received a temporary promotion to GS-15 for her first 120 days of being Acting Regional Administrator of Region 10, with full back pay and an award of attorney's fees, and a pledge by upper management at ACF to formally enlighten the staff in Region 10 of the "no tolerance" policy regarding discrimination and harassment, and to provide future training in this regard to the Region 10 staff.  The settlement official for ACF in this ADR mediation was Marrianne McMullen, the Deputy Assistant Secretary of DHHS for ACF External Affairs, the same white political appointee – now plaintiff's second-level supervisor – who had rejected the ACF EEO Director's assessment of the climate in Region 10 as poisonous toward Ms. King-Dunbar on a racial basis and who performed her own "assessment" which whitewashed the problems plaintiff had complained of in her initial EEO complaint.

12.     Despite the continuing oppressive staff situation, Ms. King-Dunbar nevertheless successfully performed as Acting Regional Administrator, and while she was doing so, ACF initiated the process to fill the GS-15 position of Regional Administrator of ACF Region 10 on a permanent basis by announcing its vacancy and advertising for applicants on USAJobs on October 31, 2013.  Plaintiff timely applied for this vacancy through USAJobs and, not surprisingly given her experience and the fact that she was the current permanent Deputy Regional Administrator in Region 10, and was then serving with distinction in this very Regional Administrator position in an acting capacity, she was

determined to be highly qualified for the position.  In the selection process, plaintiff was interviewed for the job while she was acting in it by a group of four ACF officials from headquarters in Washington, D.C.:  James Murray, Acting Director of Regional Operations, and plaintiff's immediate supervisor, an African American; Deborah Minor,  ACF EEO Director, the official who had performed the initial "climate assessment" in response to plaintiff EEO complaint, and an African American; Marrianne McMullen, Deputy Assistant Secretary for ACF External Affairs, plaintiff's second-level supervisor, and a white person; and Michael McCauley, Chief of Staff to the Acting Assistant Secretary of Health and Human Services for ACF, and a white person.  Ms. McMullen and Mr. McCauley were both political appointees; Mr. Murray and Ms. Minor were and are career civil servants.  The interview took place just a few days after plaintiff had settled her earlier EEO complaint with Marrianne McMullen as the ACF settlement official.

13.    Plaintiff expected that James Murray would be the selecting or recommending official in filling the Regional Administrator position for ACF Region 10 because he was acting as Director of Regional Operations for ACF and, in that capacity, selected or was the recommending official with regard to the filling of the previous two Regional Administrator vacancies during the Summer of 2013 (for the ACF Regions in Kansas City and San Francisco).  Accordingly, she was surprised when it was Deputy Assistant Secretary Marrianne McMullen who, on May 1, 2014, that she was not selected as the permanent GS-15 Regional Administrator for Region 10.  In fact, Ms. King-Dunbar, despite here superior qualifications, was passed over for the permanent position of Regional Administrator in favor

of a much less qualified white female "applicant" by ACF management in Washington, D.C. Indeed, the white selectee, Cathy Adams-Bomar, had been an employee of the Navy Department and had virtually no knowledge of ACF or its mission; in fact, she expressed surprise at having even made the cut to be interviewed for the job.

14.     The selection of a less qualified white Cathy Adams-Bomar for the permanent Regional Administrator for ACF Region 10 was accomplished primarily at the insistence of Marrianne McMullen, the Deputy Assistant Secretary for ACF External Affairs, the white female political appointee who was the ACF management official with whom the settlement of plaintiff's earlier EEO claims had just been made and the ACF official who refused to accept the "climate assessment" of the Region 10 office performed by Deborah Minor, the ACF EEO Director.  In fact, while Michael McCauley, Chief of Staff to the Acting Assistant Secretary of Health and Human Services for ACF, and the other white and political appointee who participated in the interview panel, deferred to Ms. McMullen with regard to the decision pass over Ms. King Dunbar in favor of Ms. Adams-Bomar, both James Murray, who as Acting Director of ACF had chosen / recommended the last three Region Administrator selections, and Deborah Minor, the EEO Director who had recently done a "climate assessment" of  Region 10, the two African Americans and career civil servants on the selection panel, concluded that plaintiff was far and away the best qualified applicant for the position.   Indeed, both Mr. Murray and Ms. Minor were impressed with plaintiff's performance on the interview as well as with her other credentials for the job, and believed

that Ms. Adams-Bomar had no business being seriously considered for the vacancy based on both her background and her interview performance.

15.    Upon Cathy Adams-Bomar becoming the Regional Administrator of ACF Region 10, plaintiff reverted to her permanent position a Deputy Regional Administrator of ACF Region 10. However, on instructions from Marrianne McMullen, Ms. King-Dunbar was stripped of many of her duties and responsibilities as Deputy Regional Administrator and increasingly isolated from the work of the region. This was done despite that fact that Ms. Adams-Bomar had no experience with ACF – and no knowledge of its functions or mission – upon becoming the Regional Administrator, and despite plaintiff's recent and extensive experience within and leading this ACF Region.

16.    Additionally, in the wake of her EEO complaint concerning the selection of the permanent Regional Administrator in for Region 10, on Ms. McMullen's instructions and with her encouragement, Cathy Adams-Bomar began harassing plaintiff and subjecting her to unwarranted criticism and unfounded disciplinary actions (*e.g.*, letters of caution, reprimands).

17.    In an effort to leave Region 10 and the unhealthy "climate" it had become for her since being passed over for the permanent GS-15 position of Regional Administrator, in mid 2015 plaintiff timely applied for a vacancy she saw announced on USAJobs for the GS-15 ACF Regional Administrator position in Chicago, Illinois. Unsurprisingly given her experience, the U.S. Office of Personnel Management ("OPM") found Ms. King-Dunbar qualified for this vacancy and referred her name to ACF for consideration, a fact of which

plaintiff was apprised on June 23, 2015.  Remarkably, despite being found qualified by and

referred by OPM, and notwithstanding that she had recently served with distinction as an

acting Regional Administrator in another ACF Region and had been that other region's

deputy Regional Administrator as well, Ms. King-Dunbar seems not to have been even

considered for the vacant Regional Administrator job in Chicago by ACF management in

Washington, D.C. (on the decision of Marrianne McMullen).  Certainly, she was never

interviewed for the vacancy.

18.     On August 13, 2015, at a weekly Regional Administrator teleconference which

plaintiff happen to be on, Marrianne McMullen announced that the selection of a person who

worked child welfare for the vacant Regional Administrator position in Chicago.  Ms. King-

Dunbar also applied for three more announced vacancies in Regional Administrator positions

in the wake of being passed over for the one in Seattle which she held with distinctions for

almost a year-and-a-half (in Boston, Philadelphia, and Dallas), all without success – and all

without even being accorded an interview by ACF headquarters management (*i.e.*, another

decision of Marrianne McMullen).

19.     On January 6, 2016, in a conference with Ms. McMullen, Michaela Duran, the

white woman  whom Ms. McMullen had chosen to replace James Murray as permanent ACF

Director of Regional Operation, and Ms. Adams-Bomar, the new Regional Administrator for

ACF Region 10, plaintiff was informed by Ms. McMullen that ACF management was

eliminating the position of Deputy Regional Administrator in Region 10, leaving her without

a position, and that Ms. King-Dunbar would have to find another job.  On January 15, 2016,

in a meeting with Ms. McMullen and Ms. Adams-Bomar, plaintiff was informed that she was being reassigned to an unclassified, non-supervisory GS-14 position in Region 10.

## Statement of Claims

### I.   Race Discrimination –

20.   The actions and omissions taken by DHHS / ACF management in Washington, D.C., particularly Marrianne McMullen, Deputy Assistant Secretary for ACF External Affairs, with regard to Ms. King Dunbar as specified in Paragraph Nos. 10 through 14 above were taken with an intent to discriminate against Ms. King Dunbar on the basis of her race, and as such constitute violations of the Title VII of the Civil Rights Act, as amended, by defendant against plaintiff.

21.   As a consequence of such racial discrimination by defendant, Ms. King Dunbar has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

### II.   Retaliation for Prior and Continuing Protected Civil Rights / EEO Activity –

22.   The actions and omissions taken by DHHS / ACF management in Washington, D.C., particularly Marrianne McMullen, Deputy Assistant Secretary for ACF External Affairs, with regard to plaintiff as specified in Paragraph Nos. 10 through 19 above were taken with an intent to retaliate against Ms. King-Dunbar on account of her prior and continuing EEO / Civil Rights Activities – *i.e.*, filing and prosecuting her claims of discrimination in employment practices on the basis of race and unlawful retaliation  – and

as such constitute violations of the Title VII of the Civil Rights Act, as amended, by defendant against plaintiff.

23.    As a consequence of such unlawful retaliatory conduct on defendant's part, plaintiff has suffered and continues to suffer adverse consequences, including loss of pay and benefits of employment with the DHHS / ACF, career, damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

### Prayer for Relief

**WHEREFORE**, plaintiff prays that this Court enter judgment in her favor and against defendant on the claims of unlawful race discrimination in employment practices brought herein, and on her claims of unlawful retaliation for her prior and continuing civil rights / EEO activity, pursuant to Title VII of the Civil Rights Act of 1964, as amended, and provide her with the following relief:

(a)    award plaintiff compensatory damages against defendant in the amount of $300,000.00, plus interest thereon;

(b)    place plaintiff in the permanent position of Regional Administrator for ACF Region 10, and promote her to the GS-15 grade level, retroactive to May 1, 2014;

(c)    provide plaintiff with full back pay and other benefits as required by the relief order in (b) above, with interest thereon;

-14-

(d)      provide plaintiff with annual performance ratings of "Exceptional" for 2014, 2015, and 2016 in her GS-15 position of ACF Regional Administrator, and provide her with all pay increases and bonuses that result from such ratings;

(e)      provide plaintiff with full back pay and other benefits as required by the relief ordered in (d) above, with interest thereon;

(f)      correct DHHS / ACF records, including plaintiff's Official Personnel File ("OPF"), to reflect all of the above ordered relief and to eliminate all disciplinary actions – *e.g.*, letters of caution, reprimands (etc.), the post-date the now reversed non-selection for the Regional Administrator for Region 10 position (*i.e.*, the decision to select Cathy Adams Bomar for that position);

(g)      reestablish the GS-14 level position of Deputy Regional Administrator for ACF Region 10;

(h)      provide plaintiff with the option to become the ACF Regional Administrator in Chicago, Illinois, and if she elects to become the ACF Regional Administrator in Chicago, and provide her with relocation expenses for moving her residence from the Seattle, Washington area to the Chicago, Illinois area;

(i)      enjoin defendant and all DHHS / ACF managers and officials from retaliating against plaintiff further, and from discriminating against her on account of her race in the future;

(j)     award plaintiff the costs of bringing and prosecuting this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. §2000e-5(k); and

(k)     award plaintiff such other and further relief as the interests of justice may require.

### Jury Demand

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff

-16-

## **VERIFICATION**

I hereby swear on pain and penalty of perjury that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, belief and recollection.

8/1/2016
_____
Date

_____
Janice L. King-Dunbar