UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANICE KING-DUNBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 16-1573 (JEB) |
| v. | ) | |
| | ) | |
| SYLVIA BURWELL, Secretary | ) | |
| U.S. DEPT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Janice King-Dunbar ("Plaintiff") and Defendant Sylvia Burwell,
Secretary, U.S. Department of Health and Human Services ("Defendant"), by and
through their respective below-signed attorneys of record (collectively the
"parties"), hereby agree and stipulate that this is a global settlement and that the
above-captioned civil action and all pending Equal Employment Opportunity
(EEO) administrative complaints (HHS-ACF-0263-2014; HHS-ACF-0305-2015;
HHS-ACF-0446-2015; HHS-ACF-0123-2016, HHS-ACF-0060-2016; and HHS-
ACF-0287-2016) and any complaints Plaintiff has filed with the Office of Special
Counsel shall be settled and dismissed on the following terms:

1.   Settlement Payment.  Defendant shall pay Plaintiff the total lump sum of $250,000 (two hundred fifty thousand dollars) in satisfaction of all claims of damages and attorneys' fees and legal costs.  This payment shall be made by an electronic transfer of funds to Plaintiff's counsel's trust account as specified in instructions provided to defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 4 hereof.  Plaintiff and Plaintiff's counsel shall cooperate with Defendant and her counsel to ensure that all documentation required to process this payment is complete and accurate. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from the aforementioned payment. This payment is inclusive of Plaintiff's attorney's fees, costs, and other litigation expenses in this case, and Defendant shall have no further liability for those fees, costs or expenses. Plaintiff and Plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

2.   Defendant shall retroactively promote Plaintiff from GS-14 to GS-15, at the appropriate step, effective May 9, 2014. In addition, Plaintiff shall also receive all within grade and annual salary increases as a result of the

aforementioned retroactive promotion until October 29, 2016. Plaintiff shall receive all back pay as a result of the aforementioned retroactive promotion and within grade and annual salary increases through October 29, 2016. Plaintiff agrees to voluntarily waive interest payments on back pay received resulting from the retroactive promotion. Plaintiff agrees not to seek any or accept employment as a federal employee or contractor in the Administration for Children and Families at the U.S. Department of Health and Human Services for a period of one year from the date this Stipulation of Settlement and Dismissal becomes effective pursuant to Paragraph 3 below. Defendant shall process the personnel actions involved and the payment of back pay as expeditiously as possible and shall amend Plaintiff's Official Personnel Folder ("OPF") accordingly.

3.     OWBPA Compliance.  Plaintiff agrees to waive the twenty-one (21) calendar days within which to consider this Stipulation of Settlement and Dismissal pursuant to the Older Workers Benefit Protection Act, and that the waiver of her rights and claims hereunder is a knowing and voluntary waiver. Plaintiff may revoke her agreement to this Stipulation of Settlement and Dismissal during the seven (7) calendar day period following her execution hereof.  Such revocation must be in writing and delivered to Defendant's below-signed counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation of Settlement and Dismissal. Plaintiff is advised to consult with an

3

attorney prior to signing this Stipulation of Settlement and Dismissal.   By his signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation of Settlement and Dismissal and has discussed its terms with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this Stipulation of Settlement and Dismissal.

4.      Dismissal with Prejudice.   Unless Plaintiff timely exercises her right to rescind this Stipulation of Settlement and Dismissal as provided in Paragraph 3 hereof, the filing of this Stipulation of Settlement and Dismissal shall constitute a dismissal of the above-captioned civil action against defendant with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), as well as a dismissal / withdrawal with prejudice of all administrative complaints and claims filed or submitted by Plaintiff or her legal representative.   The parties request that the Court enter this Stipulation of Settlement and Dismissal as an Order so as to retain jurisdiction to enforce the terms hereof.   Counsel for Defendant shall file the fully executed Stipulation of Settlement and Dismissal immediately upon expiration of the revocation period noted in Paragraph 3.

5.      Release.   This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action and all administrative complaints and claims

against the U.S. Department of Health and Human Services, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against Defendant or the United States, or their agencies or officials, or their present or former employees or agents, in either their official or individual capacities, with respect to any event complained of in the above-captioned civil action or in the administrative complaints pending against the U.S. Department of Health and Human Services.   Plaintiff hereby fully and forever releases and discharges the Defendant and the United States, their agencies and officials, and their present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation of Settlement and Dismissal, including without limitation any rights or claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of

5

1993, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation of Settlement and Dismissal, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation of Settlement and Dismissal shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation of Settlement and Dismissal, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date Plaintiff signs this Stipulation of Settlement and Dismissal which may affect Plaintiff's future compensation, (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former employees of the U.S. Department of Health and Human Services based on their federal service, or (iii) the enforcement of the terms of this Stipulation of Settlement and Dismissal.

6.     No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein except to her below-signed attorney of record. Plaintiff shall indemnify, hold harmless, and defend Defendant and the United States, their

agencies and officials, and their present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7.  No Admission of Liability.  This Stipulation of Settlement and Dismissal has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and the avoidance of the expense and risk of such litigation.  Therefore, this Stipulation of Settlement and Dismissal is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.  Without limiting the generality of the foregoing, this Stipulation of Settlement and Dismissal does not constitute, and shall not be construed as, an admission that defendant, or the U.S. Department of Health and Human Services, or any of the Department's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this civil action or otherwise.  This Stipulation of Settlement and Dismissal may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the U.S. Department of Health and Human Services, or the United States, or any of their agencies or officials or present or former employees or agents, either in their

7

official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.      Tax Consequences.  Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation of Settlement and Dismissal or any payments made by or on behalf of defendant hereunder.  Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation of Settlement and dismissal that are applicable to Plaintiff.

9.      Entire Agreement.  This Stipulation of Settlement and Dismissal contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

10.     Amendments.  The terms of this Stipulation of Settlement and Dismissal may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

11.   Construction.  The parties acknowledge that the preparation of this Stipulation of Settlement and Dismissal was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation of Settlement and Dismissal or any term or provision hereof.

12.   Headings.  The paragraph headings in this Stipulation of Settlement and Dismissal have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13.   Severability.  The provisions of this Stipulation of Settlement and Dismissal are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation of Settlement and Dismissal.

14.   Further Assurances.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation of Settlement and Dismissal.

15.   Right to Cure.  If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation of settlement and Dismissal, that

9

party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation of Settlement and Dismissal before bringing the dispute to the Court's attention.

16.   Notices. Any notice required or permitted to be given pursuant to this Stipulation of Settlement and Dismissal shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| | |
|---|---|
| If to Plaintiff: | David H. Shapiro,<br>SWICK & SHAPIRO, P.C.<br>1101 15th Street, NW, Suite 1290<br>Washington D.C. 20005 |
| If to Defendant: | James E. Simpson,<br>Attorney, General Law Division<br>Office of the General Counsel<br>Department of Health and Human Services<br>330 C Street, S.W.  Suite 2600<br>Washington, D.C. 20201 |
| with copy to: | Chief, Civil Division<br>Office of the United States Attorney<br>for the District of Columbia<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 |

17.   Execution. This Stipulation of Settlement and Dismissal may be executed in two or more counterparts, each of which shall be deemed to be an

original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18.     Governing Law. This Stipulation of Settlement and Dismissal shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19.     Binding Effect. Upon execution of this Stipulation of Settlement and Dismissal by all parties hereto, the terms of this Stipulation of settlement and Dismissal shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that this Stipulation of Settlement and dismissal shall not become effective or enforceable until the revocation period provided for in Paragraph 2 hereof has expired. Each signatory to this Stipulation of Settlement and Dismissal represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, directly and/or by and through their respective attorneys of record, intending to be legally bound, have executed this Stipulation of Settlement and Dismissal on the dates shown below.

11

Respectfully submitted,


*janice king-dunbar*

JANICE KING-DUNBAR
Plaintiff


Date: ___1/3/2017___


DAVID H. SHAPIRO
D.C. Bar #962326
SWICK & SHAPIRO, P.C.
1101 15th Street, NW, Suite 205
Washington, DC 20005
202-842-0300


Counsel for Plaintiff

Date: __1/3/17__


CHANNING D. PHILLIPS
DC Bar #415793
United States Attorney


DANIEL F. VAN HORN
D.C. Bar #924092
Civil Chief


WYNEVA JOHNSON,
D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4106
Washington, D.C.  20530
202-252-2518


Counsel for Defendant

Date: __1/3/2017__


SO ORDERED on this /2ᵗʰ day of __Jan.__, 2017


UNITED STATES DISTRICT JUDGE

12